Matter of Cobb v New York State Dept. of Corr. & Community Supervision (2019 NY Slip Op 07480)





Matter of Cobb v New York State Dept. of Corr. & Community Supervision


2019 NY Slip Op 07480


Decided on October 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2019

Acosta, P.J., Renwick, Manzanet-Daniels, Singh, JJ.


9990 260088/17

[*1]In re Kennedy Cobb, Petitioner-Appellant,
v
New York State Department of Corrections and Community Supervision, et al., Respondents-Respondents.


Robert S. Dean, Center for Appellate Litigation, New York (Molly Schindler of counsel), and Arnold & Porter Kaye Scholer LLP, New York (Cathy M. Liu of counsel), for appellant.
Letitia James, Attorney General, New York (Mark S. Grube of counsel), for respondents.



Judgment, Supreme Court, Bronx County (Howard Sherman, J.), entered on or about February 8, 2018, which, insofar as appealed from as limited by the briefs, denied the petition seeking an order vacating the special condition of parole imposed on petitioner by respondents, on October 27, 2016, that prohibits him from traveling under any circumstances to the borough of Queens, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously reversed, on the law, without costs, the petition to vacate the special condition granted, and the matter remanded to respondents for issuance of a new travel restriction.
In a 2010 Queens County case, petitioner pled guilty to assault in the second degree. The allegations against him stated that he poured boiling water on his domestic partner, punched her, and repeatedly raped her while her skin was peeling off, leaving her with multiple second-degree burns. Petitioner was sentenced to a prison term of six years to be followed by five years of post-release supervision. Upon his conviction, the court issued a full Order of Protection on behalf of the victim.
On February 24, 2016, petitioner was released to post-release supervision subject to the standard conditions of release, as well as a number of special conditions, including, as relevant here, special condition 15, prohibiting him from "associat[ing] in any way or communicat[ing] by any means with the victim [ ] without the permission of the P.O.," and Special Condition 26, requiring him to "comply with all Orders of Protection."
On April 28, 2016, petitioner was arrested and charged with the misdemeanor offense of criminal contempt in the second degree and the violation of harassment in the second degree, based on an allegation made by the victim to petitioner's parole officer that he approached her in Far Rockaway, Queens. Subsequently, a jury acquitted petitioner, and the case was dismissed and sealed.
Thereafter, petitioner was informed that he would be required to sign several new conditions of release, including Special Condition 3 stating, "I will not leave New York City . . . [including Queens] without written permission from my parole officer (including work purposes). I understand that I am not to travel under any circumstances to the borough of Queens." Queens is the borough in which the victim resides.
Petitioner commenced the instant article 78 proceeding seeking reversal of the prohibition of travel to Queens. Petitioner argues that this special condition must be vacated as arbitrary and capricious since it barred petitioner from the entire borough of Queens under all circumstances and without any clear right to seek, or ability to obtain, a waiver from respondents. Respondents state that they permit petitioner to request permission from his parole officer to travel to Queens on a case-by-case basis if he has a legitimate need to travel to that borough. In fact, petitioner requested and was granted permission to travel to Queens to get his belongings from Rikers [*2]Island. We agree with petitioner's interpretation of the restriction.
Release conditions that implicate certain fundamental rights, such as the right to travel and the right to associate, have been held permissible as long as "reasonably related" to a petitioner's criminal history and future chances of recidivism (Matter of Williams v New York State Div. of Parole, 71 AD3d 524, 526 [1st Dept 2010], lv denied 15 NY3d 710 [2010], appeal dismissed 15 NY3d 770 [2010]; see also Matter of Williams v Department of Corr. & Community Supervision, 136 AD3d 147, 159, 164-165 [1st Dept 2016], appeal dismissed 29 NY3d 990 [2017]).
The special condition, as noted, provides, "I will not leave New York City . . . [including Queens] without written permission from my parole officer (including work purposes). I understand that I am not to travel under any circumstances to the borough of Queens." Barring petitioner from the entire county of Queens under all circumstances, without any clear right to seek, or ability to obtain, a waiver from respondents, is a categorical ban impinging upon his rights to travel and association, and, for this reason alone, the travel restriction must be vacated as arbitrary and capricious, as it is not "reasonably related" to petitioner's criminal history and future chances of recidivism (Matter of Williams, 71 AD3d at 526).
Accordingly, we remand this matter for respondents to issue a new travel restriction. The restriction must be clear and "reasonably related" to petitioner's criminal history and future chance of recidivism (Matter of Williams, 71 AD3d at 526). Unlike the vacated restriction, the new restriction should specify that any travel restrictions are subject to case-by-case exceptions for legitimate reasons, which petitioner may request from his parole officer.
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 17, 2019
CLERK